UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GEORGE LUFTI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES of AMERICA, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | No. 1:09-cv-1114 (AJT/IDD) |

## MEMORANDUM OPINION

This matter is before the Court on defendant Centex Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 161] and Motion for Summary Judgment [Doc. No. 179]. Upon consideration of the motions, the memoranda and exhibits in support thereof, the oppositions thereto, and the arguments of counsel at a hearing on February 25, 2011, this Court finds that plaintiff George Lufti has not made a *prima facie* showing that this Court has personal jurisdiction over Centex Corporation. In the alternative, the Court finds that there are no disputed issues of material fact and that Centex Corporation is entitled to judgment as a matter of law.

### I. BACKGROUND

Plaintiff alleges that he was injured during a fall at the Air Force Memorial (the "Memorial") on November 17, 2006. In relevant part, plaintiff claims that workers affiliated with defendants Balfour Beatty Construction, LLC "and or" Centex Corporation "interrupted the power or otherwise caused the memorial parking lot lighting to be non-operative," and subsequently failed to correct this safety issue, causing, at least in part, plaintiff's injury. 2d Am. Compl., ¶¶ 15-23. Centex Corporation denies that it

1

was engaged in the construction or maintenance of the Memorial. Klym Aff., at ¶ 12. It also disputes that it is subject to the personal jurisdiction of this Court since it is a Nevada corporation with its principal place of business in Michigan, does not transact business in Virginia, is not qualified to conduct business in Virginia, and generally does not have substantial contacts with Virginia or its residents. Klym. Aff., ¶¶ 5-14.

## II. ANALYSIS

### A. Centex Corporation's Motion to Dismiss for Lack of Personal Jurisdiction

Based on its filed affidavit, Centex Corporation seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that it is not subject to personal jurisdiction in this Court. Once such a motion is filed, the plaintiff generally bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If, however, as in this case, the court decides the jurisdictional question based solely on the motion papers, supporting legal memoranda, and the relevant allegations of the complaint, as opposed to an evidentiary hearing, the plaintiff need only establish at this point a *prima facie* case of personal jurisdiction in order to allow the case to proceed. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). In determining whether plaintiff has established such a *prima facie* case of personal jurisdiction over this out-of state defendant with respect to a Virginia state law cause of action, the Court must determine whether Virginia's long arm statute authorizes the exercise of personal jurisdiction over Centex Corporation and if so, whether the defendant has "sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th

Cir. 2009); *see also* Va. Code. § 8.01-328.1. In deciding whether the plaintiff has proved a *prima facie* case, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676; *Brooks v. Motsenbocker Advanced Devs., Inc.*, 242 Fed. Appx. 889, 890 (4th Cir. 2007).

In opposing Centex Corporation's motion, plaintiff does not dispute Centex Corporation's factual contentions with respect to its activities in Virginia and has filed neither any counter affidavits or other sworn testimony or admissible evidence that takes issue with Centex Corporation's factual predicate for its motion. Rather, plaintiff contends that the conduct of other corporate entities that include "Centex" within their names may be attributed to Centex Corporation for the purposes of the jurisdictional analysis on the theory that the other Centex entities are mere alter egos of Centex Corporation. As discussed below, however, plaintiff fails to present any facts sufficient to make even a *prima facie* case for jurisdiction based on this theory.

"In Virginia, unlike in some states, the standards for veil piercing are very stringent and piercing is an extraordinary measure that is permitted only in the most egregious circumstances." *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 266 Va. 3, 12 (2003). "[T]he burden of proof rests upon the party seeking to pierce the veil, and a court can pierce the corporate veil only upon a showing that (1) the corporation was the '*alter ego*, alias, stooge, or dummy' of the other entity; and (2) 'the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime.'" *Buffalo Wings Factory, Inc. v. Mohd*, Case No. 1:07-cv-612, 2008 U.S. Dist. LEXIS 82247, at * 19-20 (E.D. Va. Oct. 15, 2008) (Cacheris, J.) (quoting *Cheatle v. Rudd's Swimming Pool Supply Co.*, 234

Va. 207, 212 (1987)) (italics original). Under this test, "Virginia law requires not just the wrongful use of the corporate form, but also that the abuse of form is directed at perpetrating another wrong." *Id.* at * 22.

Focusing on the first portion of the veil piercing analysis, plaintiff contends, in essence, that Centex Corporation has used a multiplicity of similarly named companies in connection with the construction of the Memorial and in so doing has acted in a manner that abused the corporate form. These other corporate entities have been identified at various points in the record as Centex Construction Company, Inc., Centex Construction Company, Mid-Atlantic Region, and Centex Construction LLC. However, it is not sufficient to impose liability on Centex Corporation that one or more of these entities may have been involved in construction or maintenance activities in Virginia, and negligently injured plaintiff in connection with these activities. The plaintiff must show that these other corporate entities were a device or sham used to disguise wrongs, obscure fraud, or conceal a crime. There is no such evidence in the record before the Court. There is also no evidence in the record that Centex Corporation's sale of certain construction related businesses to Balfour Beatty, Inc. and/or Balfour Beatty plc, including the entity which is now before this Court as Balfour Beatty Construction LLC, was an abuse intended to perpetrate another wrong, or otherwise conducted for nefarious purposes. For these reasons, the Court finds that plaintiff has failed to make a *prima facie* case that this Court has personal jurisdiction over Centex Corporation based on the activities of its subsidiaries or affiliates in Virginia, and will dismiss plaintiff's claims against Centex Corporation for lack of personal jurisdiction.

## B. Centex Corporation's Motion for Summary Judgment

In the alternative, this Court finds that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A party contending that a fact is genuinely disputed must support the assertion by complying with the requirements of both Fed. R. Civ. P. 56(c), and Local Civ. R. 56(B). *See* Fed. R. Civ. P. 56, cmt. to 2010 Amendments ("Subdivision (c)(1) addresses the ways to support an assertion that a fact can or cannot be genuinely disputed. It does not address the form for providing the required support. Different courts and judges have adopted different forms including, for example, directions that the support be ... provided in a separate statement of facts included in a brief or memorandum"); Local Civ. R. 56(B) (briefs in opposition to motions for summary judgment "shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute"). Here, plaintiff has failed to comply with Local Civ. R. 56(B). As a result, the facts contained in Centex Corporation's statement of undisputed material facts are deemed to be undisputed for the purposes of summary judgment. Those facts include that Centex Corporation was not involved in the construction or maintenance of the Memorial, [Doc. No. 180, at 4], and, therefore could not have been responsible for any lighting issues that may have contributed to or caused plaintiff's injury.

Moreover, even if this Court were otherwise to consider the record on which plaintiff seeks to avert summary judgment, as discussed above, there is no evidence that Centex Corporation abused any corporate forms in order to commit another wrong or to conceal wrongdoing. There is also no evidence that any subsidiary or affiliated entity

5

that may have been involved in the construction of the Memorial was not a legally separate and distinct legal entity or one whose corporate formalities were not observed. There is likewise no evidence that any former subsidiary or affiliated entity that may have been involved in the construction of the Memorial was sold or transferred in a commercially unreasonable manner or in a less than an arms-length transaction. For these reasons, there is no evidence that Centex Corporation was involved in the construction of the Memorial or otherwise was responsible for the conditions at the Memorial that caused plaintiff's injuries; and there is no evidence to support the contention that Centex Corporation should be held responsible under a veil piercing theory for the actions of any other corporate or business entity.[1] Plaintiff's claims against Centex Corporation therefore fail as a matter of law.

## CONCLUSION

For the above reasons, the Court grants Centex Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 161] and Motion for Summary Judgment [Doc. No. 179].

An appropriate Order will issue.

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
March 1, 2011

---

[1] The Court further notes that the period for general fact discovery in this matter ended on February 11, 2011, and there is no suggestion in the record that any of the outstanding discovery yet to be taken would reveal evidence that would bear on plaintiff's theories of recovery against Centex Corporation.