UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GEORGE LUFTI, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:09-cv-1114 (AJT/IDD)<br>) |
| UNITED STATES OF AMERICA, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

This matter is before the Court on defendant Davey Tree Expert Company's ("Davey Tree's") Motion for Summary Judgment [Doc. No. 221] (the "Motion") and Motion to Strike Plaintiff's Opposition to Davey Tree's Motion for Summary Judgment [Doc. No. 260] (the "Motion to Strike"). Upon consideration of the motions, the memoranda and exhibits in support thereof and in opposition thereto, and the arguments of counsel at a hearing on March 25, 2011, and for the reasons set forth in this Memorandum Opinion, the Court finds that there are no triable issues of material fact, and that Davey Tree is entitled to judgment as a matter of law.

### I. BACKGROUND

Plaintiff alleges that he was injured during a fall at the Air Force Memorial (the "Memorial") on November 17, 2006. Plaintiff contends that Davey Tree entered into a contract to provide grounds maintenance services at the Memorial, including preventing litter, leaves and other debris from building up and causing a hazard in the parking lot where plaintiff fell. According to plaintiff, Davey Tree failed to clear the parking lot of debris, causing, at least in part, plaintiff's injury. 2d Am. Compl., ¶¶ 24-29. Davey Tree denies that it was responsible

for keeping the parking lot in which plaintiff fell free from debris. Def.'s Mem. in Supp. of Mot. for Summ. J. ("MSJ"), Statement of Undisputed Facts ("SOUF"), ¶¶ 2-4.

Davey Tree filed the Motion on March 4, 2011, and noticed the Motion for hearing on March 25, 2011, at 10:00 a.m. Plaintiff filed his Opposition [Doc. No. 258] (the "Opposition") shortly before midnight on March 23, 2011.[1] On March 24, 2011, Davey Tree filed its Motion to Strike with respect to plaintiff's Opposition. On March 25, 2011, this Court held a hearing and took the matter under advisement.

## II. ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). To defeat a properly supported motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

---

[1] Plaintiff filed a second version of the Opposition on March 24, 2011, due to technical issues associated with the filing of the Opposition on March 23, 2011. This second filing, which was also untimely, does not materially alter the Court's analysis below, and the Court will therefore not address this second late filing separately.

2

As this Court has repeatedly explained, a party contending that a fact is genuinely disputed must support the assertion by complying with the requirements of both Fed. R. Civ. P. 56(c) and Local Civ. R. 56(B). *See* Fed. R. Civ. P. 56, cmt. to 2010 Amendments ("Subdivision (c)(1) addresses the ways to support an assertion that a fact can or cannot be genuinely disputed. It does not address the form for providing the required support. Different courts and judges have adopted different forms including, for example, directions that the support be ... provided in a separate statement of facts included in a brief or memorandum"); Local Civ. R. 56(B) (briefs in opposition to motions for summary judgment "shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute"). In circumstances such as this, where the defendant's memorandum of law in support of a motion for summary judgment complies with Local Civ. R. 56(B), but the plaintiff's opposition fails to comply with Local Civ. R. 56(B), the facts identified by the defendant as material facts as to which there is no genuine issue are admitted. *See Balustein & Reich, Inc. v. Buckles*, 220 F. Supp. 2d 535, 539 (E.D. Va. 2002), *aff'd* 365 F.3d 281 (4th Cir. 2004).

Moreover, Local Civil Rule 7(F)(1) provides that a party opposing a motion "shall file a responsive brief and such supporting documents as are appropriate, within eleven (11) days after service" of the motion. *See also* Local Civ. R. 56(A). Rule 6(d) of the Federal Rules of Civil Procedure and this Court's electronic filing policies and procedures add three days to this period. Fed. R. Civ. P. 6(d); Electronic Case Filing Policies & Procedures Manual (Nov. 1, 2010). "Any requests for an extension of time relating to motions must be in writing and, in general, will be looked upon with disfavor," Local Civ. R. 7(I), and "[i]gnorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of

3

diligence, inadvertence, or other manifestations of carelessness or laxity." *Key v. Robertson*, 626 F. Supp. 2d 566, 577 (E.D. Va. 2009). If a defendant fails to request an extension of time or enlargement and fails to show good cause, such untimely submissions will not be considered by the Court. *Littlejohn v. Moody*, 381 F. Supp. 2d 507, 509 (E.D. Va. 2005).

### A. Davey Tree is Entitled to Judgment as a Matter of Law Based on the Undisputed Facts Listed in Davey Tree's Statement of Undisputed Facts

Plaintiff's Opposition is untimely and failed to comply with Local Civ. R. 56(B). As a result, the facts contained in Davey Tree's statement of undisputed facts are deemed to be admitted, and the Court finds that those facts establish that Davey Tree is entitled to judgment as a matter of law.

Davey Tree filed the Motion on March 4, 2011, and plaintiff's Opposition was due no later than Friday, March 18, 2011. *See* Fed. R. Civ. P. 6(d); Local Civ. R. 7(F)(1); Local Civ. R. 56(A). Plaintiff did not file his Opposition until March 23, 2011, did not move for an extension of time in which to file, or justify why he should be afforded additional time to file. The representations of plaintiff's counsel to the Court at the hearing on March 25, 2011, that she was unable to file a timely opposition because of her travel schedule and because she chose to prepare other briefing in this matter before preparing an opposition, do not excuse this failure. *See Key*, 626 F. Supp. 2d at 577-78. As a result, the Court will accept as undisputed all facts contained in Davey Tree's statement of undisputed facts when deciding whether Davey Tree is entitled to judgment as a matter of law. Moreover, even if plaintiff's Opposition were considered timely, that portion of plaintiff's Opposition entitled "Uncontested Facts" fails to comply with Local Civ. R. 56(B) because it is devoid of citations to the record; and for that reason, the Court must conclude as well that there is no genuine dispute as to the facts contained in Davey Tree's statement of undisputed facts. *See Buckles*, 220 F. Supp. 2d at 539.

The plaintiff's procedural defaults notwithstanding, the Court must still determine whether Davy Tree is entitled to judgment as a matter of law. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *Key*, 626 F. Supp. 2d at 578 (explaining that, even where motion is unopposed by virtue of failure to file a timely opposition, court must still determine whether the uncontroverted facts established by the moving party in the unopposed motion entitle the moving party to judgment as a matter of law). The undisputed facts, as stated in Davey Tree's statement of undisputed facts, are that a third party, Integrity National Corporation, "was responsible for keeping the parking lot in which Plaintiff fell free from debris at the time of the incident." Def.'s. Mem. in Supp. of MSJ, SOUF ¶ 2. Davey Tree did not have a contract to maintain the parking lot or the grounds surrounding the parking lot in which plaintiff fell at the time of the incident. Def.'s Mem. in Supp. of MSJ, SOUF ¶ 4. In light of these facts, there is no evidence in the record on which a reasonable finder of fact could find that Davey Tree breached any duty to the plaintiff in connection with the maintenance of the parking lot where plaintiff fell on November 17, 2006, or that any breach of such a duty injured plaintiff. Accordingly, Davey Tree is entitled to judgment as a matter of law.

### B. Plaintiff's Untimely and Improper Opposition Fails to Raise A Triable Issue of Fact, and Davey Tree is Entitled to Judgment as a Matter of Law

In the alternative, the Court finds that, even if it were to consider the substance of plaintiff's Opposition, and to overlook plaintiff's failure to file timely opposition or comply with Local Civ. R. 56(B), plaintiff has failed to identify any evidence that would give rise to a triable issue of material fact, or alter this Court's conclusion that Davey Tree is entitled to judgment as a matter of law.

Davey Tree's contention that it had no duty to maintain the parking lot in which plaintiff fell is premised, in substantial part, on the Declaration of Steven M. Carter, a building manager responsible for managing the grounds of the Memorial. Mr. Carter's declaration

5

clearly states that "Integrity National Corporation ... was responsible for keeping parking lot three [where plaintiff fell] free of debris." Decl. of S. Carter, at ¶ 13 [Doc. No. 37-1, at 7]. The declaration also states that, while the government entered into a contract with Davey Tree to provide inclement cold weather services at the Memorial and surrounding parking lots on November 17, 2006, the contract's start date was not until November 20, 2006 – three days after plaintiff's fall. Decl. of S. Carter, at ¶ 15 [Doc. No. 37-1, at 7-8]. This version of events is consistent with the copy of the relevant contract which has been provided to the Court. Decl. of S. Dornburgh, Ex. 1, at 3 [Doc. No. 37-4, at 6] (identifying a "Base Year 20 Nov 2006 – 30 Sept 2007").

Plaintiff has not proffered any evidence that would support his arguments that Davey Tree entered into other contractual arrangements that would give rise to a duty to clear debris from the parking lot in which plaintiff fell. Plaintiff's reliance on a subcontract for landscaping and irrigation work, dated March 14, 2005, between Davey Tree and Centex Construction Company, Inc. [Doc. Nos. 258-1 and 258-2] (the "Subcontract") is unavailing. While the Subcontract specified that Davey Tree was "responsible for cleanup and removal on a daily basis of debris generated by [Davey Tree's] work and employees as directed by the Contractor [Centex Construction LLC]," Subcontract, Attachment 1, at 1-2 [Doc. No. 258-2, at 1-2], there is no evidence in the summary judgment record before the Court that Davey Tree was working in the parking lot area where plaintiff fell at the time plaintiff fell, or that his fall was caused by debris left behind in the wake of Davey Tree's work. More specifically, there is no evidence that the hoop in which plaintiff claims he was entangled was left behind by or is traceable to Davey Tree. As a result, plaintiff cannot avert summary judgment by pointing to the Subcontract.

Plaintiff's reliance on a landscaping punch list concerning work to be completed by Davey Tree on the "West Slope Above Retaining Walls" is similarly unavailing. Landscape Punch List, at 1-2 [Doc. No. 258-7, 12-13]. As plaintiff conceded at oral argument, the parking lot in which plaintiff fell was not within the area described in the punch list as "West Slope Above Retaining Walls" and there is therefore no evidence as part of the summary judgment record that any obligation Davey Tree may have had to remove trash and debris as indicated in entry A11 of that list extended to the parking lot at issue. Plaintiff's reference to another punch list, dated October 3, 2006 [Doc. No. 258-7, at 5-8], and specifically to Section D of that list, referring to pavement, sidewalk, and water valve work, does not create a triable issue as there is no evidence that any of this work involved work in the parking lot where plaintiff fell, when that work was performed, or that it was performed by Davey Tree.

In the absence of any evidence that would call the information in Mr. Carter's declaration into question, or otherwise establish that Davey Tree assumed a duty to maintain the parking lot in which plaintiff fell, or to remove debris from that parking lot at the time of the incident at issue in this case, plaintiff cannot establish that Davey Tree owed plaintiff a legal duty in connection with plaintiff's fall, or that any breach of such a duty caused plaintiff's injury, in whole or in part. As a result, Davey Tree is entitled to judgment as a matter of law.

## CONCLUSION

For the above reasons, the Court will grant Davey Tree's Motion for Summary Judgment [Doc. No. 221] and will deny Davey Tree's Motion to Strike [Doc. No. 260] as moot.

An appropriate Order will issue.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
March 28, 2011